**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ROBERT L. ADAMS, JR., et al. | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff-Intervenor, | ) |
| | ) CIVIL ACTION No. 6:04-cv-0291-LED |
| v. | ) |
| | ) |
| CHARLES F. MATHEWS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JOINT STATUS REPORT**

Pursuant to the Court's January 26, 2010 Order, Plaintiff-Intervenor the United States of America and Defendants Longview Independent School District, *et al*., hereby file this joint Status Report and state as follows:

1. The Court directed the parties to provide a response to concerns raised by a letter addressed to the Honorable David J. Folsom, an update of progress made in this case since the last status conference, and an estimation of when this case can be closed and what remains to be done in order to close the case. *See* Order, ECF Doc. No. 31 (01/26/10).

2. The letter to the Court expresses a concern that the above-captioned case (and three other cases within the Eastern District of Texas) may be inactive and that the Court may not be aware of the status of the case. The parties respectively disagree, and note that both the Court and the parties have continued to work diligently on this case in recent years, and in recent years the Court has convened an annual status conference to discuss the progress of the case. *See e.g*., ECF Notices 10, 13, 17, 22, and 30.

3.      The letter also states that the existence of this case "mean[s] that the[] school district[] would be barred not only from assigning students on the basis of neighborhood schools and assigning teachers on the basis of their respective, legitimate preferences, but it would also make it difficult or impossible to adopt reforms such as school choice, charter schools, or school vouchers." *See* Letter from Linda Chavez to Hon. David J. Folsom (12/15/09). The parties do not interpret the Court's order to prohibit the District from developing programs to further the pedagogical needs of its students. Furthermore, to the extent such programs might require Court approval, the parties and the Court have demonstrated that they are fully capable of addressing such requests. For example, in July 2008, the District notified the United States and the Court that it wanted to close an elementary school, and in less than one month the Court approved a Joint Motion for entry of a Consent Order, which authorized the school's closure and set forth a plan for the reassignment of the students who attended that school. *See e.g.*, ECF Notice 17 (07/09/08); Consent Order, ECF Doc. No. 20 (08/04/08). This Consent Order also addressed violations of the Court's orders concerning student transfers. *See id.*

4.      Since the last status conference on June 10, 2009, *See* ECF Notice 30 (06/10/09), the parties have communicated multiple times concerning two current issues: (1) the possible development of a new student transfer policy; and (2) proposed revisions to the District's attendance zones, which the parties are developing in light of the construction and renovation of several new schools within the district.

5.      At the last status conference, the District informed the Court that the parties were discussing the potential development of a new student transfer policy. The District has since postponed consideration of a new student transfer policy in light of efforts to create new

attendance zones and the ongoing school construction.

6. At the last status conference, the parties informed the Court that the District was working on proposed attendance zones and that there were errors in the data previously submitted to the United States. On October 20, 2009, the District submitted a revised proposal to the United States for its review and consideration. The United States is in the process of analyzing the District's proposal. Between February 22 and 25, 2010, the United States will also conduct a site visit of the District to further evaluate the proposed attendance zones and the ongoing construction. During this visit, the parties intend to discuss the District's proposal and any suggested alternatives the United States might have.

7. As the Court is aware, a declaration of unitary status (and dismissal) of a desegregation case is warranted when a defendant school district demonstrates it has: (1) fully and satisfactorily complied with the court's desegregation orders for a reasonable period of time; (2) eliminated the vestiges of its past *de jure* discrimination to the extent practiceable; and (3) demonstrated a good faith commitment to the whole of the court's orders and to those provisions of the law and the Constitution which were the predicate for judicial intervention in the first instance. *See Missouri v. Jenkins*, 515 U.S. 70, 87-89 (1995); *Freeman v. Pitts*, 503 U.S. 467, 498 (1992); *Board of Educ. v. Dowell*, 498 U.S. 237, 248-50 (1991). The parties agree that before this case could be dismissed, the Court must first evaluate the District's actions in accordance with this legal standard.

Respectfully submitted this __16__ day of __February__, 2010.

| | |
|---|---|
| UNITED STATES OF AMERICA | FELDMAN, ROGERS, MORRIS & GROVER, L.L.P. |
| THOMAS E. PEREZ<br>Assistant Attorney General | |
| s/ Mark A. Dann | s/ Richard A. Morris |
| AMY I. BERMAN, Esq<br>JOHN R. MOORE, Esq.<br>MARK A. DANN, Esq.<br>United States Department of Justice<br>Civil Rights Division<br>Educational Opportunities Section<br>950 Pennsylvania Avenue, NW<br>Patrick Henry Building, Suite 4300<br>Washington, DC   20530<br>Tel.: 202-616-9939 | RICHARD A. MORRIS, ESQ.<br>   State Bar No. 14497750<br>JOHN M. HARDY, Esq.<br>   State Bar No. 24059897<br>5718 Westheimer, Suite 1200<br>Houston, Texas   77057<br>Tel.: 713-960-6000<br>Fax: 713-960-6025<br>Email: rmorris@feldmanrogers.com<br>Email: jhardy@feldmanrogers.com |
| Attorneys for Plaintiff-Intervenor,<br>United States of America | Attorney for the Defendant,<br>Longview Independent School District |